867 F.2d 616
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elmer R. BARBEE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1374.
 United States Court of Appeals, Federal Circuit.
 Jan. 27, 1989.
 
 Before MARKEY, Chief Judge, RICH and EDWARD S. SMITH, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the United States Claims Court, No. 230-86C, dismissing Elmer R. Barbee's (Barbee's) complaint for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 Barbee does not contest that he was an excepted service employee and that the Supreme Court held in United States v. Fausto, 108 S.Ct. 668 (1988) that the Civil Service Reform Act repealed any previously existing Tucker Act jurisdiction to entertain removal or suspension challenges brought by such employees. It is therefore clear that the Claims Court properly dismissed Barbee's complaint.
 
 
 3
 We need not reach Barbee's argument that Fausto is inapplicable to "preference eligible veterans" because it would not help Barbee. National Guard Technicians are not "preference eligible veterans." 32 U.S.C. Sec. 709(f) (1982), pertaining to National Guard Technicians, states that section 2108 of title 5 (defining "preference eligible veterans") does "not apply to any person employed under this section." Pursuant to statute, Barbee's right of appeal "shall not extend beyond the adjutant general of the jurisdiction concerned." 32 U.S.C. Sec. 709(e)(5).
 
 
 4
 The legislative history cited by Barbee in his reply to the government's response to this court's October 6, 1988 Order actually hinders his case. House Report No. 1823, reprinted in 1968 U.S.Code Cong. & Admin.News 3318, 3331, states:
 
 
 5
 The so-called veterans' preference provisions contained in title 5, United States Code, are not presently applicable to [National Guard] technicians since they are State employees. The bill, in containing a provision making the veterans' preference provisions not applicable to technicians, will continue the existing practice on this matter.